Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie   Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■ ∷
Kiki Chrisomallides*
Dylan Braverman
Adam S. Covitt

Kevin D. Porter
Susan Vari

David W. Allen
Brian Andrews
Margaret Antonino* ■
Edward J. Arevalo
Robert Boccio
Bruce Brady *
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen

Charles K. Faillace ±
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Jennifer M. Lobaito *
Neil Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Leilani Rodriguez *
Lori Shapiro
Tammy A. Trees
Nicole M. Varisco *
Julia F. Wilcox ∷
Arthur I. Yankowitz**



Danielle Bennett ∆
Theresa A. Bohm
Angela R. Bonica *
Carlene Cassidy
Julia Combs †
Christine Crane *
Michael P. Diven *  ** ∷
Tyler M. Fiorillo
Jamie Gewurz †
Lauren P. Ingvoldstad†
Jillian Kuper †
Christian McCarthy
John O'Brien
Daniel O'Connell * ■
Kara Ognibene † ■
Emily Phillips
Alesha Powell
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Tyler Weingarten †
Samuel Youssof
Alexandra Zerrillo *  ** ∷

Of Counsel
Patricia M. Comblo ∷ ±
Josie M. Conelley
Brian DiPentima*
Tricia M. Criscito
Roseann V. Driscoll
William Gagas ±
Rani B. Kulkarni
Nicole E. Martone
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT,  DC
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in Ohio
∷ Admitted to Practice in CO
† Admission Pending

November 6, 2023

<u>Via ECF</u>
Chief Judge Renee Marie Bumb
United States District Court
District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 0810

      Re:    *Lento Law Group, P.C. v. Ladel Lewis, et al.*
             Case No.: 1:23-CV-20985-RMB-AMD
             VBPNP File No.: 0070-155

Dear Chief Judge  Bumb:

This letter is submitted in accordance with the rules of this Court to request a pre-motion conference in this matter.  Defendant, Joyce Ann Willson (hereinafter "Ms. Wilson"), requests leave to proceed with a Motion to Dismiss in lieu of an Answer, the plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction and 12(b)(6), for failing to state a claim for which relief can be granted. This correspondence is filed and served via ECF in compliance with the rules of this Court. In addition, this Defendant has served a copy of this letter upon the plaintiff and co-defendants. This motion is not on consent of all parties.

### *Procedural History*

By way of background, the plaintiff initiated this action by filing the Complaint on October 9, 2023, and electric Summons was issued on October 11, 2023. Currently, an Answer is Due November 13, 2023.

### *Merits of the Defendant's Motion*

The plaintiff has commenced this action against Defendant, Wilson, along with, Ladel Lewis, Linda Ann Pohly, Veda Diane Balla, and Florenda Lee-Hall A.K.A "Rennie Lee", all individual residents of the State of Michigan. Plaintiff is a New Jersey law firm, with its principal place of business and headquarters in New Jersey. The Complaints states that this Court has personal jurisdiction over all defendants because "the Defendants' defamatory comments were intended to be seen by internet users throughout the United States, including those within

the State of New Jersey where plaintiff is headquartered,and are further intended to interfere with Plaintiff's business relationships throughout the United States, including with those living or working in New Jersey."

It is the position of Defendant, Wilson, that this is an insufficient basis for personal jurisdiction. "Personal jurisdiction under the Due Process Clause depends upon the relationship among the defendant, the forum, and the litigation." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998). "There are two distinct theories under which personal jurisdiction can arise: general and specific." *Allaham v. Naddaf*, 635 F. App'x. 32, 37-38 (3d Cir. 2015) (citing *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994)). General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011). General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic as to render [it] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011).

Specific jurisdiction exists over a non-resident defendant where the plaintiff's claim "aris[es] out of or relate[s] to the defendant's contacts with the forum." *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)); *see Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1781, 198 L. Ed. 2d 395 (2017). In order to determine specific jurisdictions, the Third Circuit uses the "effect test." Under the "effect test," the plaintiff must show "(1) The defendant committed an intentional tort; (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and] (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity." *IMO Indus., Inc.*, 155 F.3d at 265-66. Only if the "expressly aimed" element of the test is satisfied will the court consider the other two elements. *See Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (citing IMO Indus., 155 F.3d at 266).

Defendant, Wilson, along with the Co-Defendants, are Michigan residents and have no ties or connections to the State of New Jersey. Defendant, Wilson, does not maintain a bank account in New Jersey, has no business in New Jersey, and has no residence in New Jersey. Further, Wilson made a comment on a post in a Facebook group called, "Flint Politics". While the group is open, it is particularly focused on the matters and issues arising out of Flint, Michigan. The comment was simply "random, fortuitous, or attenuated contacts," and not intentional conduct by Wilson. *Amberson Holdings LLC v. Westside Story Newspaper*, 110 F. Supp. 2d 332, 334 (D.N.J. 2000)

Plaintiff is a New Jersey law firm, with its principal place of business and headquarters in New Jersey. However, plaintiff has previously and is currently conducted business in the State of Michigan. Further, plaintiff's Complaint, contains a sixth cause of action, "Tortious Interference with Prospective Economic Advantage", solely focused on its business in Flint, Michigan. Plaintiff states they have "an existing or reasonable expectation of economic benefit or advantage vis-à-vis the legal services plaintiff provides for Michigan clients already engaged, as

well as for prospective clients, whether in Flint, Michigan as a whole…" Further, plaintiff allegedly claims, "there is a more reasonable probability that plaintiff would have received the anticipated economic benefit afforded by it's good its good standing the Flint Community in the absence of the Defendants' false and defamatory post." Finally, according to plaintiff's law firm website, Lento Law Group, has an office in Flint *and* Detroit, Michigan. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011), *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958).

Wilson has absolutely no ties or no continuous and systematic connection to New Jersey; therefore, general jurisdiction does not exist here. Additionally, even though Wilson posted a comment on the Internet that can be seen by residents of New Jersey, plaintiff failed to show specific activity indicating that Defendant "expressly aimed" her allegedly tortious conduct at the forum State of New Jersey; therefore, plaintiff failed the "effect test" and specific jurisdiction does not exist. Thus, exercising personal jurisdiction over Defendant, Wilson, would violate her constitutional rights.

The Defendant will alternatively move to dismiss the complaint for failure to state a claim for which relief can be granted. The plaintiff alleges that Defendant, Wilson, along with Co-Defendants, defamed plaintiff when they made untrue posts and comments in a Facebook group. More specifically, plaintiff alleges Defendant, Wilson's, Facebook comment, "frivolous lawsuit", was libel per se and portrayed plaintiff in a false light. It is Defendant, Wilson's, position that the comment was an opinion statement, which generally is not capable of proof of truth or falsity because it reflects a person's state of mind.

Loose, figurative or hyperbolic language is not likely to imply specific facts, and thus is not likely to be deemed actionable. A pure opinion is one that is based on stated facts or facts that are known to the parties or assumed by them to exist . . .; a "mixed opinion" is one "not based on facts that are stated or assumed by the parties to exist" . . . . If a statement could be construed as either fact or opinion, a defendant should not be held liable. An interpretation favoring a finding of "fact" would tend to impose a chilling effect on speech. *See Lynch v. N.J. Educ. Ass'n*, 735 A.2d 1129, 1137 (N.J. 1999).

In *Konowicz v. Carr*, the Court determined that the statements made by plaintiff on the Internet were no defamatory. (2019 U.S. Dist. LEXIS 252035) (Konowicz's statement could be either a statement of fact or a hyperbolic expression of his opinion of NWS's actions toward Carr. Because this ambiguity exists and allowing Carr to maintain this suit could have a chilling effect on speech, the Court finds that Konowicz's statements are not defamatory). Similar to *Konowicz*, Defendant, Wilson's comment on Facebook was not libel per se or false light defamation, but either a statement of fact or hyperbolic expression of her opinion.

As such and in accordance with the rules of this Court, the Defendant respectively requests a pre-motion conference to address the motion to dismiss. Thank you for your time and consideration of the defendant's request.  Please do not hesitate to
contact your undersigned, should you have any questions.

                Very truly yours,

                *Gregg D. Weinstock*

                Gregg D. Weinstock

cc: <u>VIA ECF</u>
   LENTO LAW GROUP, P.C.
   Attorneys for Plaintiff
   242 Terrace Blvd. Suite D1
   Voorhees, New Jersey 08043

   <u>VIA FIRST CLASS MAIL</u>
   LADEL LEWIS
   4024 Winona Street
   Flint, Michigan 48504

   <u>VIA FIRST CLASS MAIL</u>
   LINDA ANN POHLY
   5094 Miller Road
   Flint, Michigan 48507

   <u>VIA FIRST CLASS MAIL</u>
   VEDE DIANE BALLA
   3415 Hull Street
   Flint, Michigan 48507

   <u>VIA FIRST CLASS MAIL</u>
   FLORENDA LEE-HALL a.k.a. "RENNIE LEE"
   5541 Sugar Bush Lane
   Flint, Michigan 48532