IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| LENTO LAW GROUP, P.C., <br><br> Plaintiff, <br><br> v. <br><br> LADEL LEWIS, <br> LINDA ANN POHLY, <br> VEDA DIANE BALLA, *et al.*, <br><br> Defendants. | Civil No. 23-20985 (RMB/EAP) <br><br> **ORDER TO SHOW CAUSE** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

**THIS MATTER** comes before the Court upon Defendants Ladel Lewis', Linda Ann Pohly's, Veda Diane Balla's, and Joyce Ann Wilson's requests for a pre-motion conference for leave to file a motion to dismiss for, among other reasons, lack of personal jurisdiction and improper venue (Docket Nos. 11, 20, 21, 24), and Plaintiff Lento Law Group, P.C. (Lento) having responded to Defendants' requests (Docket No. 23), and because the Court has serious doubts on whether it has personal jurisdiction over Defendants and whether venue in this Court is proper, the Court directs the parties to address whether a transfer of this matter to an appropriate forum is warranted.

By way of background, Lento—a law firm incorporated and existing under the laws of the State of New Jersey—commenced this lawsuit against Defendants—all Michigan citizens residing in Flint, Michigan—claiming they defamed it by making certain comments about Lento on Facebook. [*See generally* Compl. ¶¶ 3-9, 11-37.] The comments Plaintiff claim are defamatory concern, among other things, Plaintiff's alleged involvement in Flint,

Michigan politics and lawsuits pending in the "Eastern District of Michigan." [*Id.* ¶¶ 11-22, 24-29.]

Having reviewed the Complaint, the Court has serious concerns on whether jurisdiction and venue are proper. Indeed, merely posting comments on the internet about a plaintiff is insufficient to confer personal jurisdiction. *See, e.g., Marks v. Alfa Grp.*, 369 F. App'x 368, 370-71 (3d Cir. 2010) (defamatory comments reported on Internet news sites not basis for specific personal jurisdiction); *see also Weerahandi v. Shelesh*, 2017 WL 4330365, at *2 (D.N.J. Sept. 29, 2017) (finding court lacked personal jurisdiction over defendant in defamation lawsuit where defendant merely posted negative comments about plaintiff on YouTube and Google websites). For personal jurisdiction to be proper, a plaintiff must show the defendants "expressly aimed" their conduct at New Jersey. *Marten v. Goodwin*, 499 F. 3d 290, 297 (3d Cir. 2007) (quoting *IMO Indus. v. Kierkert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). As pled, the Complaint contains no allegations for the Court to infer Defendants aimed their alleged tortious conduct at New Jersey. Yet, even if jurisdiction is lacking, Third Circuit courts "must a least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). Because some Defendants and Lento agree a transfer to the United States District Court for the Eastern District of Michigan would be appropriate, the Court turns to the relevant venue statutes. [*See* Docket Nos. 20, 23-24.]

Under the federal venue statute, a civil action may be commenced in (1) a district in which any defendant resides, "if all defendants are residents of the State in which the district is located"; (2) a district in which "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if neither of the foregoing provisions applies, in a district in which "any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). Even if

a district is an appropriate venue in which to litigate an action, a district court may nonetheless transfer the action "to any other district or division where it might have been brought" "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A district court's discretion in this respect is "broad." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–80, 883 (3d Cir. 1995) (discussing the private and public interest factors relevant to a determination of whether to transfer an action pursuant to § 1404(a)). However, under § 1406(a), a district court "shall" dismiss an action "laying venue in the wrong division or district" or, if it is "in the interest of justice," transfer the action to an appropriate venue. 28 U.S.C. § 1406(a).

When personal jurisdiction is in doubt, there is a longstanding policy in the Third Circuit to transfer a case to a suitable forum as an alternative remedy to dismissing the action. *Danziger & De Llano*, 948 F.3d at 132; *see also Boomer Development, LLC v. Nat'l Ass'n of Home Builders of the U.S.*, 2016 WL 6563673, at *5 (M.D. Pa. Nov. 4, 2016) (Conner, C.J.) (citing *Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir. 1981); *Societe Nouvelle Generale De Promotion v. Kool Stop Int'l, Inc.*, 633 F. Supp. 153, 155 (E.D. Pa. 1985)). Under § 1631, a district court "shall" transfer a case to another district "in the interest of justice" when "there is a want of jurisdiction" and the action "could have been brought at the time it was filed or noticed" in the transferee court. 28 U.S.C. § 1631.

Generally, these transfer statutes—although slightly different in substance—provide a court with considerable discretion to transfer an action (1) to a proper forum (2) in the interest of justice. *See Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) (observing that the statutory directive of §§ 1406 and 1631 is the same); *Jumara* 55 F.3d at 883 (recognizing that § 1404(a) was intended to vest district courts with "broad discretion to determine, on an

3

individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer"); *Mellon Bank (E.) PSFS, N.A. v. DiVeronica Bros.*, 983 F.2d 551, 558 (3d Cir. 1993) (noting that it is within the discretion of the court to transfer a case pursuant to § 1631). In fact, the First Circuit Court of Appeals has found a rebuttable presumption in favor of transfer over dismissal where personal jurisdiction is lacking, *Britell v. United States*, 318 F.3d 70, 73 (1st Cir. 2003); *see also Pacific Emp'rs Ins. Co. v. AXA Belgium S.A.*, 785 F. Supp. 2d 457, 475 (E.D. Pa. 2011) (citing and applying *Brittell*), and the presumption may be rebutted only if transfer would not be in the interest of justice, *Britell*, 318 F.3d at 74.  The Court may raise the propriety of transferring a case at the parties' request or *sua sponte*.  *Danziger & De Llano,* 948 F.3d at 132; *see also Boomer Development*, 2016 WL 6563673, at *5.

As noted, this Court has serious doubts on whether Defendants are subject to personal jurisdiction in New Jersey and whether venue is proper here.  Having reviewed the Complaint, it appears to the Court that the pertinent conduct occurred in Flint, Michigan, and it may be more convenient for the parties and witnesses, in the interest of justice, for the parties to litigate this dispute in the United States District Court for the Eastern District of Michigan.  Therefore,

**IT IS**, on this **19th** day of **December 2023**, hereby:

**ORDERED** that, no later than **January 2, 2024**, the parties shall **SHOW CAUSE** by written submission filed on the docket no longer than 10 pages explaining why this matter should not be transferred pursuant to 28 U.S.C. §§ 1404(a), 1406(a), and/or 1631 to an

4

appropriate forum, such as the United States District Court for the Eastern District of Michigan.[1]

<u>**s/Renée Marie Bumb**</u>
RENÉE MARIE BUMB
Chief United States District Judge

Dated: December 19, 2023

---

[1] Should the parties stipulate to transfer this matter, Lento shall file a stipulation and proposed order on the docket forthwith.